IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARK NICKELL                                                                                   PLAINTIFF

V.                                            NO. 13-2075

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                 DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Mark Nickell, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB)) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current application for DIB on April 29, 2010, alleging an inability to work since March 10, 2009, due to "Neuropathy; hiatal hernia, hbp." (Tr. 162, 178, 188). An administrative hearing was held on October 12, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 75-108).

By written decision dated December 2, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe -

degenerative disc disease of the lumbar spine, ileoinguinal[1] neuropathy, atherosclerotic[2] heart disease, hypothyroidism, major depressive disorder, and generalized anxiety disorder. (Tr. 63). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 63). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except he can only occasionally climb ramps/stairs and ladders/ropes/scaffolds and can only occasionally stoop, crouch, and crawl. The claimant is also able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and use of little judgment, and the supervision required is simple, direct and concrete.

(Tr. 65). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but would be able to perform such jobs as zipper trimmer operator, lens inserter, and escort vehicle driver. (Tr. 69).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which, after considering additional evidence, denied that request on January 17, 2013. (Tr. 1-5).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

---

[1] Ilioinguinal - Relating to the iliac region and groin. Stedman's Medical Dictionary 947 (28th ed. 2006).

[2] Atherosclerotic - Relating to or characterized by atherosclerosis. Id. at 174.
Atherosclerosis - Arteriosclerosis characterized by irregularly distrubuted lipid deposits in the intima of large and medium-sized arteries, causing narrowing of arterial lumens and proceeding eventually to fibrosis and calcification. Lesions are usually focal and protgress slowly and intermittently. Limitation of blood flow accounts for most clinical manifestations, which vary with the distribution and severity of lesions. .... Id.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or

AO72A
(Rev. 8/82)

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.   Discussion:**

There are medical records in the transcript indicating Plaintiff received treatment at Sparks Regional Medical Center after the ALJ issued his decision. The Appeals Council considered the additional evidence, and denied Plaintiff's request for review. (Tr. 5).

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then the Court must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have

weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the undersigned has endeavored to perform this function with respect to the newly submitted evidence.

In this case, on May 23, 2012, Plaintiff presented himself to Sparks Regional Medical Center's emergency room, after having passed out on his floor at home, and being discovered by his wife. He was awakened, and had slurred speech for about 45 minutes thereafter. (Tr. 16). The assessment given was chest pain, likely related to small vessel disease; widely patent stent in the left anterior descending artery and right coronary artery; and normal LV systolic function. (Tr. 45).  The admission and discharge diagnoses were: syncope, unclear etiology, questionable transient ischemic attack; mild elevation of treponin suggestive of questionable non-ST-segment elevation myocardial infarction; dyslipidemia; leukocytosis; acute on chronic renal failure; and coronary artery disease, status post stenting in the past. (Tr. 10).On May 26, 2012, a Sparks Regional Medical Center report, Addendum, indicated that Plaintiff was supposed to be discharged on May 25, 2012, but Plaintiff started having some nonspecific brief episodes of sharp, stabbing chest pain on the left side, and the discharge was therefore held. (Tr. 8).  A cardiac catheterization was done, which was essentially normal with no significant occlusive coronary artery disease, and he was recommended for discharge, with optimal medical management. (Tr. 8).  An echocardiogam was also performed, and the following impression was given:

> 1. Preserved left ventricular systolic function with an estimated ejection fraction 65% with mild concentric left ventricular hypertrophy.
> 2. Moderate left atrial enlargement
> 3. Mild aortic insufficiency
> 4. Mild mitral insufficiency

      5. Mild to moderate tricuspid insufficiency
      6. Small atrial septal defect as above.

(Tr. 36). These conditions clearly relate to the conditions from which Plaintiff suffered within the relevant time period, and are therefore relevant. The Court believes the ALJ may have reached a different decision had the newly submitted evidence been available to him at the initial hearing. Accordingly, the Court finds it necessary to remand this matter to the ALJ for the purpose of considering the additional medical records submitted to the Appeals Council, to obtain a new Physical RFC assessment from an examining physician, and once obtained, to reconsider Plaintiff's RFC.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 31st day of January, 2014..

          /s/ *Erin L. Setser*
          HON. ERIN L. SETSER
          UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)